# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Ryan Garnow )<br>887 Merkle Ave )<br>Marion, Ohio 43302 )<br>)<br>        Plaintiff, )<br>)<br>  vs. )<br>)<br>Sergeant Andrew Jones Individually )<br>and in the Capacity as a )<br>Correctional Officer )<br>c/o Multi-County Correctional Center )<br>1514 Victory Rd )<br>Marion, OH 43302 )<br>)<br>and )<br>)<br>Sergeant Devon Phillips Individually )<br>and in the Capacity as a )<br>Correctional Officer )<br>c/o Multi-County Correctional Center )<br>1514 Victory Rd )<br>Marion, OH 43302 )<br>)<br>and )<br>)<br>Correctional Officer T. McCoy )<br>Individually and in the Capacity )<br>as a Correctional Officer )<br>c/o Multi-County Correctional Center )<br>1514 Victory Rd )<br>Marion, OH 43302 )<br>)<br>and )<br>)<br>Multi-County Correctional Center )<br>1514 Victory Rd )<br>Marion, OH 43302 ) | CASE NO:<br><br>JUDGE<br><br><u>COMPLAINT</u><br><br>*[Jury Demand Endorsed Hereon]* |

| | |
|---|---|
| and | ) |
| | ) |
| Marion Police Department | ) |
| 233 W Center St | ) |
| Marion, OH 43302 | ) |
| | ) |
| and | ) |
| | ) |
| Marion County Sheriff's Office | ) |
| Sheriff Matt Bayles, in his Official Capacity | ) |
| 100 Executive Drive | ) |
| Marion, OH 43302 | ) |
| | ) |
| and | ) |
| | ) |
| Marion County, Ohio | ) |
| 134 E. Center St. | ) |
| Marion, OH 43302 | ) |
| | ) |
| and | ) |
| | ) |
| John Doe Defendants # 1-10 | ) |
| Names and Addresses | ) |
| Unknown to Plaintiffs | ) |
| | ) |
| Defendants. | ) |

Now comes Ryan Garnow, by and through counsel, and states and avers as follows for his Complaint against the above-named Defendants.

**PRELIMINARY STATEMENT**

1. This action seeks relief for violations of Ryan Garnow's rights secured and guaranteed by Title 42, Section 1983 of the United States Code ("U.S.C."), the, Eighth Amendment, applicable to the State through the 14th Amendment to the United States Constitution, the laws of the United States and the laws of the state of Ohio. Upon all information and belief, the claims asserted herein arise from an incident occurring on April 17, 2021.

2. At all times relevant, Ryan Garnow was incarcerated in the Multi-County

Correctional Center, and under the custody and control of the Defendants, Sargent Jones (hereinafter "Jones") and Sargent Phillips ("Phillips"), and Correctional Officer T. McCoy (hereinafter "McCoy") when he was injured as a direct result of the actions by Defendants Jones, Phillips, and McCoy.

3. The claims asserted herein arise from acts, failures to act and omissions committed, and failure to adhere to policies, procedures, and customs in place and/or implemented at the Multi-County Correctional Center for Defendants Jones, Phillips, and McCoy while Plaintiff Ryan Garnow was in the custody of the Multi-County Correctional Center and during his detention at the Multi-County Correctional center on or about April 17, 2021.

4. At this time, each of the above-named Defendants, all of whom were acting under the color of law, violated the known and clearly established constitutional rights of Plaintiff to be free from malicious use of excessive force, to due process of law, and to necessary medical and mental health care and treatment.

5. Defendants while they were employed, did in fact, participate in, authorized, ratified and/or failed to intervene to prevent sadistic, malicious and excessive uses of force under the circumstances, and acted willfully, wantonly, maliciously and with deliberate indifference to and callous disregard for Ryan Garnow's constitutional rights, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to his injuries as alleged and described herein.

6. Plaintiff seeks monetary damages (compensatory and punitive), as well as an award of costs and reasonable attorneys' fees, and all such other relief as the Court deems appropriate.

## PRELIMINARY ALLEGATIONS

7. Plaintiff hereby restates and realleges each and every allegation as is set forth herein.

8. This action is brought, in part, under Title 42 U.S.C. § 1983 and under the Eighth Amendment of the United States Constitution and pursuant to the general laws of the United States and the laws of the state of Ohio.

9. Plaintiff alleges that the conduct of Defendants did deprive Ryan Garnow of his constitutional right to be free from sadistic and malicious use of excessive force and to receive medical and mental health care for his medical and mental health condition(s) and needs which went ignored causing Ryan Garnow to suffer physical and mental pain, suffering, anxiety, and harm while in the care and custody of the Multi-County Correctional Center, under the direct and continuous custody, control, supervision and care of the Defendants. Defendants both caused the injuries to Ryan Garnow and they are both responsible for the unlawful conduct and resulting harm by, *inter alia*, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing, or failing or refusing, stood by idly with deliberate indifference to and reckless disregard for Ryan Garnow clearly established and known rights.

## JURISDICTION AND VENUE

10. Plaintiff hereby restates and realleges each and every allegation as if fully set forth herein.

11. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court also has

pendant jurisdiction over state law claims asserted herein is invoked.

12. The matter in controversy exceeds $75,000.00 Dollars, exclusive of interest and costs.

13. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(2), (e)(1) and (e)(2).

**PARTIES**

14. At all times relevant Plaintiff Ryan Garnow is a citizen of the United States of America residing in the state of Ohio within Marion County and entitled to the protections of the Constitutions and laws of the United States of America and the state of Ohio.

15. At all times relevant, Defendant Defendants Jones, Phillips, and McCoy were under non-delegable duties to refrain from using excessive and/or malicious force on those imprisoned at the Multi-County Correctional Center and to ensure that prisoners at the Multi-County Correctional Center were not subjected to excessive and/or sadistic and malicious force in violation of their constitutional rights as well as receiving medical attention for an inmate such as Ryan Garnow's medical condition.

16. At all times relevant, Defendants, were employed by the Multi-County Correctional Center and/ or employees working at the Multi-County Correctional Center and/or Marion County employees and/or employed through the county of Marion and/or Marion Sheriff's office and/or employed by the City of Marion, acting within the course and scope of their employment with the Multi-County Correctional Center and/or Marion County and /or the City of Marion, and under the color of law, who were directly responsible for Ryan Garnow in his custody, supervision, control, at the Multi-County Correctional Center. Defendants, Jones, Phillips and McCoy are "persons" as defined in 42 U.S.C. 1983 and are hereby sued in their

individual capacity. At all times relevant, Defendants Jones, Phillips and McCoy, were acting within the course and scope of their employment with the Multi-County Correctional Center and/or Marion County and/or The City of Marion and/or Marion Sheriff's Office and under the color of law, and were directly responsible for Ryan Garnow's safety, custody, supervision, control, and care at the Multi-County Correctional Center. Defendants, Jones, Phillips and McCoy are "persons" as defined by 42 U.S.C. § 1983 and are hereby sued in their individual capacities.

## **GENERAL FACTUAL ALLEGATIONS**

17. Ryan Garnow, was arrested and facing charges including Harassment with a Bodily Substance. The charges were later dismissed without prejudice.

18. Ryan Garnow was ultimately confined to Multi-County Correctional Center.

19. During this period of detention, Ryan Garnow was within the continuous exclusive custody, supervision, and care, of the correctional officers of this facility and ultimately Defendants Jones, Phillips and McCoy. At all times relevant, and upon all information and belief, April 17, 2021, Ryan Garnow was behaving in a way that angered Defendants Jones, Phillips, and McCoy.

20. At all times relevant, and upon all information and belief, on April 17, 2021, Defendants Jones, Phillips, and McCoy had Ryan Garnow restrained.

21. While Ryan Garnow was restrained and completely defenseless, Defendants Jones, Phillips and McCoy caused and/or allowed him to fall forward striking his head on a metal doorframe causing traumatic brain injury.

22. Each of the Defendant officers Jones, Phillips and McCoy acted in an unreasonable, unjustified, and unlawful manner. The improper restraining by each of the

defendants' Jones, Phillips and McCoy resulted in injury to Ryan Garnow's body in a sadistic, malicious, excessive, and illegal manner by causing his head to slam against a doorframe while he was being restrained by Defendants at the Multi-County Correctional Center.  There are techniques that can be utilized by officers to maintain the safety of a person in custody as well as the officers.

23. At all times relevant, it was clear to an average observer that Ryan Garnow was suffering from an injury requiring immediate emergency medical treatment.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
[Violation of 42 U.S.C. 1983 Against Defendants Jones, Phillips and McCoy in their Individual Capacities for Excessive Force in Violation of the Eighth Amendment.]

27. Plaintiff restates the above paragraphs by reference as if fully rewritten herein.

28. At the time and place referenced above herein, Defendants Jones, Phillips and McCoy named in this Claim for Relief in turn or together applied excessive force to Ryan Garnow ultimately causing him to fall forward into a door frame causing traumatic brain injury.

29. The force employed by the Defendant Jones, Phillips and McCoy named in this Claim for Relief in securing Ryan Garnow, ordering, authorizing, directing, supervising, approving and/or ratifying the foregoing acts and omissions and acquiescing, failing and/or refusing to prevent and intervene in the foregoing acts and omissions, constitute conduct under the color of state law which deprived Ryan Garnow, of his clearly established and known rights to be free from cruel and unusual punishment proscribed by the Eighth Amendment.

30. As a direct and proximate result of these Defendants' violations of Ryan Garnow's constitutional rights, Plaintiff suffered injury, traumatic brain injury, physical pain, and suffering, punitive damages, physical, mental, and emotional pain and suffering, pecuniary loss, lost earning capacity as well as all damages allowable under 42 USC 1988 for attorney fees and

costs.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
### [Willful, Wanton and Reckless Conduct]

36.  Plaintiff incorporates by reference any and all statements and allegations contained in Paragraphs 1 through 48 as if fully rewritten in this Second Cause of Action.

37.  Defendants Jones, Phillips, and McCoy failed to exercise due care and acted in a willful, wanton, and reckless manner while engaged in their duties as correctional officers for the Multi-County Correctional Center which culminated in the injury sustained to Plaintiff.

38.  Such reckless, wanton, and willful conduct proximately caused injury to Ryan Garnow when he struck his head on a doorframe while being restrained by Defendants.

39.  As a direct and proximate result of the misconduct of Defendants Jones, Phillips, and McCoy, Ryan Garnow suffered injury, traumatic brain injury, physical pain, and suffering, punitive damages, physical, mental, and emotional pain and suffering, pecuniary loss, lost earning capacity and future medical bills.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF
### [Enforcement of Custom or Policy and Failure to Train, Supervise, or Discipline – Marion County Sheriff's Office and/or Multi-County Correctional Center]

40.  Plaintiffs incorporate by reference any and all statements and allegations contained in Paragraphs 1 through 39, as if fully rewritten in this Fifth Cause of Action.

41.  At all times relevant herein, Defendants Jones, Phillips, and McCoy were employees of the Marion County Sheriff's Office and/or the Multi-County Correctional Center and were acting under color of state law in the course and scope of their employment with Defendant Marion County Sheriff's Office.

42.  At all times relevant herein, Plaintiff had a constitutional right to be free from

excessive and unreasonable use of force.

43. Defendant Marion County Sheriff's Office, through the actions of Sheriff Matt Bayles, individually and in his official capacity, violated Garnow's constitutional rights through enforcement of a county custom or policy that resulted in a failure to train, supervise, or discipline officers regarding the avoidance of constitutional violations and the appropriate techniques for restraining individuals suspected of violating the law.

44. At all times relevant herein, Defendants Jones, Phillips, and McCoy were carrying out the official polity and custom of Defendant Marion County Sheriff's Office with respect to the restraining individuals suspected of violating the law.

45. Defendant Marion County Sheriff's Office failed to provide adequate training to its Sergeants and Correctional Officers in connection with what constitutes excessive force and the proper way to restrain an individual.

45. The failures of Defendant Marion County Sheriff's Office and Sheriff Matt Bayles amount to deliberate indifference to the rights of Plaintiff and were the moving force behind the constitutional violations set forth in this Complaint.

47. The failure to train, supervise or discipline by Defendant Marion County Sheriff's Office and Sheriff Matt Bayles was so obvious and the inadequacy was so likely to result in a violation of constitutional rights, that Defendant Marion County Sheriff's Office and Sheriff Matt Bayles can reasonably said to have been deliberately indifferent, by and though its/his employees and/or agents, to the need for such training, supervision, or discipline.

48. The failure to train, supervise or discipline by Defendant Marion County Sheriff and Sheriff Matt Bayles proximately caused the constitutional violations set forth in the Complaint. Those violations would not have occurred if Defendant Marion County Sheriff and

Sheriff Matt Bayles had provided adequate training, supervision, or discipline.

49. As a direct and proximate result of the acts or omissions of Defendant Marion County Sheriff's Office and Sheriff Matt Bayles, by and through its/his employees and/or agents, Defendants Jones, Phillips, and McCoy exercised force in an attempt to restrain Plaintiff, Ryan Garnow resulting in his injures and Traumatic Brain Injury.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a) Compensatory damages in an amount that will fully and fairly compensate Plaintiff Ryan Garnow;

b) Punitive damages against Defendants, in an amount that will serve to adequately punish and deter the conduct alleged herein;

c) Costs of suit; and

d) All such other relief which the Court deems appropriate.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory, consequential, incidental, and special damages in an amount greater than Seventy-Five Thousand Dollars ($75,000.00), and punitive damages in an amount to be determined, together with the costs herein expended, including attorney's fees, and such other relief as may be just and appropriate in this case.

Respectfully submitted,

*/s/ David I. Shroyer*
David I. Shroyer (0024099)
Colley Shroyer & Abraham Co., LPA
536 South High Street
Columbus, Ohio 43215
Tele: (614) 228-6453
Fax: (614) 228-7122
Email: dshroyer@csajustice.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand that this matter be tried by a jury of eight (8) as to all issues herein.

*/s/ David I. Shroyer*
David I. Shroyer (0024099)
*Counsel for Plaintiff*